**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERIKA PROCTOR, | ) | CASE NO. |
| 243 Grand Avenue | ) | JUDGE: |
| Akron, Ohio 44302 | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **REINSTATEMENT AND** |
| v. | ) | **DAMAGES** |
| | ) | |
| NEW YORK COMMUNITY BANK D/B/A | ) | **JURY DEMAND ENDORSED** |
| OHIO SAVINGS BANK | ) | **HEREIN** |
| c/o Corporation Service Company | ) | |
| Statutory Agent | ) | |
| 3366 Riverside Drive, Suite 103 | ) | |
| Upper Arlington, Ohio 43221 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Erika Proctor, by and through her undersigned counsel, as her Complaint against Defendant, hereby states and avers the following:

**PARTIES**

1. Plaintiff Erika Proctor is a natural person and resident of the City of Akron, Summit County, Ohio.

2. New York Community Bank d/b/a Ohio Savings Bank ("Bank") is a foreign, for-profit corporation licensed to transact and transacting business in the State of Ohio, with a location at 1835 Brittain Road, Akron, Summit County, Ohio 44310.

3. At all times referenced herein, the Bank was an "employer" and a "person" as defined under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2617 *et seq.*; Title VII of the Civil Rights Act of 1964; and Ohio Revised Code Section 4112.01 *et seq*.

4. At all times referenced herein, Proctor was an "employee" of the Bank, as defined under the FMLA, Title VII, and R.C. § 4112.01 *et seq*.

## JURISDICTION & VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Proctor is alleging federal law claims under the FMLA and Title VII.

6. This Court has supplemental jurisdiction over Proctor's state law claims pursuant to 28 U.S.C. § 1367, as her state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. This Court has personal jurisdiction over Defendant pursuant to R.C. § 2307.382(A)(1) and (4).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Prior to instituting this action, Proctor dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"), Charge No. 532-2022-02656, against the Bank.

10. The EEOC issued a Notice of Right to Sue letter, regarding Charge No. 532-2022-02656, on or about December 23, 2022, a copy of which is attached hereto as Plaintiff's Exhibit 1.

11. Proctor has properly exhausted her administrative remedies prior to initiating this action.

12. Any and all other prerequisites to the filing of this suit have been met.

## FACTS

13. Proctor is a former employee of the Bank.

14. The Bank hired Proctor on or about August 8, 2020.

15. Proctor's most recent position at the Bank was as a Financial Services Associate.

16. Proctor is African American.

17. Proctor is in a protected class based on her race.

18. The Bank issued Proctor a discipline for leaving a binder on her desk.

19. The binder left on Proctor's desk was a reference on how to order debit cards.

20. Inside the binder left on Proctor's desk were Proctor's computer passwords.

21. Paula McCrackin, one of the Bank's Branch Managers, flipped through the binder on Proctor's desk after Proctor left the desk.

22. McCrackin is Caucasian.

23. McCrackin issued discipline to Proctor because Proctor left the binder on the desk.

24. McCrackin did not issue discipline to Caucasian employees who left binders on their desks.

25. McCrackin accused Proctor and another African American employee of leaving the vault unlocked.

26. Proctor told McCrackin that she locked the vault and pointed out that the vault handle was down, as proof it was locked.

27. McCrackin disputed Proctor's assertions.

28. The other African American employee, Dana Jackson, supported Proctor's assertions that the vault was locked.

29. McCrackin disputed Jackson's assertions.

30. McCrackin issued Proctor a Final Warning discipline for the vault incident, despite not having reliable corroboration that Proctor left the vault open.

31. McCrackin did not issue Final Warning disciplines to Caucasian employees without corroborating the violations.

32. McCrackin did not issue Final Warning disciplines to Caucasian employees as the second discipline.

33. McCrackin opened the vault and forgot a cash box which she left out in the open in the vault.

34. Proctor reported this violation to the Bank's Human Resources ("HR") Department.

35. McCrackin was not investigated for leaving the cash box out.

36. McCrackin was not disciplined for leaving the cash box out.

37. McCrackin was not disciplined because of her race.

38. McCrackin told Proctor that she found a deposit slip that Proctor allegedly did not stow away.

39. Proctor disputed McCrackin's accusation regarding the deposit slip.

40. McCrackin attempted to extort Proctor, by offering to not report Proctor to the Bank's HR Department about the alleged deposit slip violation if Proctor promised to resign from her job.

41. McCrackin wanted Proctor's resignation.

42. McCrackin threatened Proctor with a new report to the Bank's HR Department to obtain Proctor's resignation.

43. McCrackin did not extort Caucasian employees with threats of reports to the Bank's HR Department.

44. McCrackin extorted Proctor because she did not want an African American person working in Proctor's position.

45. Proctor refused to resign.

46. Proctor needed her employment-provided medical insurance to care for her seriously ill minor child.

47. Because Proctor refused to resign, McCrackin forwarded a discipline complaint to the Bank's HR Department, alleging Proctor did not stow away a deposit slip.

48. The Bank did not investigate Proctor.

49. The Bank did not corroborate McCrackin's allegation against Proctor.

50. At all times relevant herein, the Bank was a covered employer under the FMLA.

51. At all times relevant herein, Proctor was a covered employee under the FMLA.

52. McCrackin was a person acting, directly or indirectly, in the interest of a covered employer.

53. On or about November 2, 2021, Proctor told McCrackin she wanted to apply for FMLA leave.

54. On or about November 3, 2021, Proctor requested FMLA documents and forwarded them to her social worker at her minor child's hospital.

55. On or about November 5, 2021, Proctor submitted completed FMLA documents to the Bank.

56. Approximately twenty minutes after Proctor submitted FMLA documents to the Bank, and three days after notifying her manager of her intent to apply for FMLA leave, the Bank terminated Proctor's employment.

57. The Bank terminated Proctor because she applied for FMLA leave.

58. The Bank interfered with Proctor's FMLA rights.

59. The Bank retaliated against Proctor for applying for FMLA.

60. During the course of Proctor's employment, the Bank — by and through McCrackin — discriminated against Proctor based on her race.

61. During the course of Proctor's employment, the Bank — by and through McCrackin — treated Proctor less favorably than similarly situated employees based on her race.

62. As a direct and proximate result of Defendant's acts and/or omissions, Proctor has suffered and will continue to suffer damages.

**COUNT I: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 12101 *et seq.***

63. Proctor restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

64. Proctor is African American.

65. Proctor is in a protected class based on her race.

66. McCrackin is Caucasian.

67. McCrackin treated Proctor differently than Caucasian employees based on her race.

68. McCrackin issued Proctor discipline for alleged acts that were not corroborated.

69. McCrackin did not issue Caucasian employee discipline for the same acts that McCrackin accused Proctor of committing.

70. The Bank issued Proctor discipline for alleged acts that were not corroborated.

71. The Bank did not issue Caucasian employees discipline for the same acts that the Bank accused Proctor of committing.

72. Defendant terminated Proctor's employment based on her race.

73. Defendant violated 42 U.S.C. 2000e *et seq.* when it discharged Proctor based on her race.

74. Proctor suffered emotional distress as a result of Defendant's conduct and is, therefore, entitled emotional distress damages.

75. As a direct and proximate result of Defendant's conduct, Proctor has suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

76. Proctor restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

77. Proctor is African American.

78. Proctor is in a protected class based on her race.

79. McCrackin is Caucasian.

80. McCrackin treated Proctor differently than Caucasian employees based on her race.

81. McCrackin issued Proctor discipline for alleged acts that were not corroborated.

82. McCrackin did not issue Caucasian employee discipline for the same acts that McCrackin accused Proctor of committing.

83. The Bank issued Proctor discipline for alleged acts that were not corroborated.

84. The Bank did not issue Caucasian employees discipline for the same acts that the Bank accused Proctor of committing.

85. Defendant terminated Proctor's employment based on her race.

86. Defendant violated R.C. 4112.02(A) when it discharged Proctor based on her race.

87. Proctor suffered emotional distress as a result of Defendant's conduct and is, therefore, entitled emotional distress damages.

88. As a direct and proximate result of Defendant's conduct, Proctor has suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT III: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

89. Proctor restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

90. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected, unpaid leave for qualified medical and family situations.

91. Defendant is a covered employer under the FMLA.

92. During her employment, Proctor qualified for FMLA leave.

93. During her employment, Proctor attempted to request FMLA leave.

94. Defendant failed to properly advise Proctor of her rights under the FMLA.

95. Defendant unlawfully interfered with Proctor's exercise of her rights under the FMLA, in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

96. As a direct and proximate result of Defendant's conduct, Proctor is entitled to all damages authorized under 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

### COUNT IV: FMLA RETALIATION

97. Proctor restates each and every foregoing paragraph of this Complaint, above, as if it were fully rewritten herein.

98. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected, unpaid leave for qualified medical situations.

99. The Bank is a covered employer under the FMLA.

100. During her employment, Proctor qualified for FMLA leave.

101. During her employment, Proctor applied to utilize FMLA leave.

102. After Proctor applied for FMLA leave, Defendants retaliated against her.

103. Defendants retaliated against Proctor by terminating her employment.

104. Defendants willfully retaliated against Proctor in violation of 29 U.S.C. § 2615(a).

105. As a direct and proximate result of Defendant's wrongful conduct, Proctor is entitled to all damages authorized under 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Erika Proctor demands from Defendant the following:

(a) Issue an order requiring the Bank to restore Proctor to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Proctor for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Proctor's claims, as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Kevin A. Buryanek*
Daniel S. Dubow (0095530)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
daniel.dubow@spitzlawfirm.com
kevin.buryanek@spitzlawfirm.com

*Attorneys for Plaintiff Erika Proctor*

## JURY DEMAND

Plaintiff Erika Proctor hereby demands a trial by jury by the maximum number of jurors permitted.

*/s/ Kevin A. Buryanek*
Daniel S. Dubow (0095530)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S FIRM**